UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL KALAMI LEE,

        Petitioner,

  v.

MELISSA ANDREWJESKI, et al.,

        Respondent.

CASE NO. 3:23-cv-05576-BHS-BAT

**REPORT AND RECOMMENDATION**

Petitioner Michael Kalami Lee, has filed a *pro se* federal habeas petition under 28 U.S.C. § 2254, seeking relief from a 2005 state court conviction, Dkt. 5, and a second motion for appointment of counsel, Dkt. 21. Having reviewed the parties' pleadings and the record, the Court recommends (1) the federal habeas petition, Dkt. 5, be DISMISSED on the grounds it is time-barred and because the grounds for relief raised are either not cognizable or lack merit; (2) issuance of a certificate of appealability (COA) be DENIED; and (3) petitioner's second motion for appointment of counsel, Dkt. 21, be DENIED.

**BACKGROUND**

Petitioner is in custody under a state court judgment and sentence imposed for his convictions by guilty plea on two counts of rape of a child in the first degree. Dkt. 20, Exs. 1 & 2. The Clark County Superior Court imposed an indeterminate sentence of 140-months to life in

REPORT AND RECOMMENDATION - 1

case number 05-1-01245-5. *Id.*, Ex. 1, at 5-7. Because petitioner pled guilty, no trial was conducted. Petitioner's state court Statement of Defendant on Plea of Guilty summarizes the allegations underlying petitioner's criminal convictions as follows:

> I am charged with:
>
> COUNT I, RAPE OF A CHILD FIRST DEGREE
> The elements are: That he, Michael Kalani Lee also known as Kalni James Herger, in the County of Clark, State of Washington between January 1, 2004 and May 25, 2005 (multiple incidents), did have sexual intercourse with K.J. L. who is less than twelve year sold [sic] and not married to the defendant and the defendant was at least forty-eight months older than the victim; contrary to RCW 9A.44.073.
>
> COUNT II, RAPE OF A CHILD FIRST DEGREE
> That he, Michael Kalani Lee also known as Kalni James Herger, in the County of Clark, State of Washington between January 1, 2004 and May 25, 2005 (multiple incidents), did have sexual intercourse with S.R.T. who is less than twelve years sold and not married to the defendant and the defendant was at least forty-eight months older than the victim; contrary to RCW 9A.44.073.

*Id.*, Ex. 2, at 28-29.

After petitioner pled guilty, the state superior court entered judgment and sentence on October 17, 2005. *Id.*, Ex. 1. Petitioner did not appeal the judgment and sentence, and the time for filing a direct appeal expired thirty days later on November 16, 2005. *See* RAP 5.1 and RAP 5.2.

In March 2023, petitioner filed a personal restraint petition (PRP) in the Washington Court of Appeals (Court of Appeals) challenging his 2005 Clark County conviction. *Id.*, Exs. 3 & 4. The Court of Appeals dismissed the PRP finding the superior court did not lack jurisdiction to impose the sentence as petitioner claimed; petitioner's ineffective assistance of counsel claim did not render the judgment and sentence facially invalid or divest the superior court of jurisdiction; the PRP was time-barred, and the remainder of the PRP was a mixed petition and should be dismissed. *Id.*, Ex. 5. Petitioner sought review by the Washington Supreme Court. *Id.*,

REPORT AND RECOMMENDATION - 2

1 | Ex. 6. The Washington Supreme Court denied review on July 17, 2023, ruling the Court of
2 | Appeals properly dismissed the PRP as untimely. *Id.*, Ex. 7.
3 |     Petitioner filed this federal habeas petition in June 2023. *See* Dkt. 5. Petitioner moved for
4 | appointment of counsel in July 2023 and the Court denied the motion. Dkts. 10, 12. Petitioner's
5 | second motion for appointment of counsel filed in September 2023 is pending before the Court.
6 | Dkt. 21.

### ISSUES RAISED IN HABEAS PETITION

8 | Petitioner presents the following grounds for habeas relief:

9 |   1. The state superior court lacked jurisdiction under *Apprendi v. New Jersey*, 530 U.S. 466
10 |     (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), to impose an indeterminate life
11 |     sentence without a jury finding aggravating factors to support the sentence.
12 |   2. RCW 9A.44.020(1)[1] is an unconstitutional bill of attainder in violation of the Fifth, Sixth
13 |     and Fourteenth Amendments of the United States Constitution.

14 | Dkt. 5. Petitioner also makes other references or statements elsewhere in his habeas petition
15 | including RCW 9A.44.073[2] is unconstitutional; petitioner either entered or did not take an *Alford*
16 | plea[3]; petitioner was not informed of his appeal rights, and that he did not understand the terms

---

[1] RCW 9A.44.020(1), provides, and during the relevant period provided: "In order to convict a person of any crime defined in this chapter [which includes Rape of a Child in the First Degree - RCW 9A.44.073] it shall not be necessary that the testimony of the alleged victim be corroborated."

[2] RCW 9A.44.073 defines Rape of a Child in the First Degree and, during the relevant period stated "(1) A person is guilty of rape of a child in the first degree when the person has sexual intercourse with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least twenty-four months older than the victim. (2) Rape of a child in the first degree is a class A felony."

[3] The Court notes the record establishes petitioner did not enter an *Alford* plea and instead admitted in the Statement of Defendant Upon Plea of Guilty that he had sexual intercourse with two individuals who were both under the age of 12 and that he was at least 24 months older and not married to either individual. *See* Dkt. 20, Ex. 2 at 37.

REPORT AND RECOMMENDATION - 3

of his plea stating he pled "nolo contender" to avoid a "life" sentence but received one anyway. *Id.*

## DISCUSSION

Petitioner filed an untimely federal habeas petition. As there is no basis to equitably toll the federal statute of limitations, the petition should be dismissed with prejudice. Additionally, the petitioner's contention federal habeas relief should be granted because the state statutes defining the crime to which he pled guilty, and not requiring evidence corroborating the victim's statements are unconstitutional are not cognizable claims. As discussed below, petitioner's guilty plea bars habeas relief for these grounds for relief. Petitioner also contends habeas relief should be granted because the sentence he received violates *Apprendi* and *Blakely*, and the state superior court thus exceeded its jurisdiction. This claim fails because the sentence the state court imposed did not violate *Apprendi* and *Blakely*. The Court accordingly recommends the federal habeas petition be denied and the matter be dismissed with prejudice.

**A.     Impact of Guilty Plea**

In July 2005, petitioner pled guilty to the two counts of child rape in the first degree that he now challenges. A person who voluntarily and intelligently pleads guilty to a criminal charge may not seek federal habeas corpus relief on the basis of pre-plea constitutional violations. *Hudson v. Moran*, 760 F.2d 1027, 1029-30 (9th Cir. 1985) (citing *Haring v. Prosise*, 462 U.S. 306, 319–20, (1983); *Tollett v. Henderson*, 411 U.S. 258, 266, 267 (1973)). A defendant may only attack the "voluntary and intelligent character of the guilty plea," *Tollett*, 411 U.S. at 267, by showing the advice he received from counsel was not "within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771 (1970). The Supreme Court has explained that:

REPORT AND RECOMMENDATION - 4

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.

*Tollett*, 411 U.S. at 267 (citing *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). Thus, when a person has pled guilty, the only challenges left open on federal habeas corpus review concern the (i) voluntary and intelligent character of the plea and (ii) adequacy of the advice of counsel. However, claims that a lawyer is ineffective for failing to file pre-plea motions to suppress or dismiss are not independent grounds for federal habeas relief. *Tollett*, 411 U.S. at 267 ("while claims of prior constitutional deprivation may play a part in evaluating the advice rendered by counsel, they are not themselves independent grounds for federal collateral relief.").

Here, petitioner pled guilty utilizing a Statement of Defendant Upon Plea of Guilty. *See* Dkt. 20, Ex. 2. Petitioner signed the Statement that avers: "My lawyer has explained to me, and we have fully discussed all of the above paragraphs and the 'Offender Registration' Attachment. I understand them all. I have been given a copy of this 'Statement of Defendant on Pleas of Guilty.' I have no further questions to ask the judge." *Id.* at 37.

Petitioner's lawyer signed the Statement and averred "I have read this statement with the defendant and believe that the defendant is competent and fully understands the statement." *Id.*

The Statement also avers that it was signed in open court by the defendant in the presence of the defendant's lawyer and the judge, and the superior court judge averred "I find the defendant's plea of guilty to be knowingly, intelligently and voluntarily made. Defendant understands the charges and the consequences of the plea. There is a factual based for the plea. Defendant is guilty as charged." *Id.* at 38.

REPORT AND RECOMMENDATION - 5

1    Petitioner's first habeas ground for relief is the contention RCW 9A.44.020(1) and RCW 9A.44.073 are unconstitutional statutes that "eliminated during pretrial" petitioner's "constitutional safeguards." Dkt. 5 at 7. At the time petitioner pleaded guilty, RCW 9A.44.020(1), stated "In order to convict a person of any crime defined in this chapter [which includes Rape of a Child in the First Degree - RCW 9A.44.073] it shall not be necessary that the testimony of the alleged victim be corroborated." RCW 9A.44.073, during the relevant period, defined Rape of a Child in the First Degree and stated "(1) A person is guilty of rape of a child in the first degree when the person has sexual intercourse with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least twenty-four months older than the victim. (2) Rape of a child in the first degree is a class A felony."

Because petitioner pled guilty to two counts of child rape in the first degree, the grounds for relief claiming the statutes defining this crime, and the testimony required for a conviction are unconstitutional or that counsel should have moved to dismiss the charges on this ground are not a basis for habeas relief. These claims should accordingly be dismissed.

**B.    Federal Habeas Statute of Limitations**

Petitioner was sentence by the superior court in 2005, and first challenged his conviction and sentence in 2023 when he filed in this court a petition for writ of habeas corpus, and also filed in the state courts a PRP seeking collateral state relief.

Petitioner's habeas petition is time barred because federal habeas petitions are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2241 et seq.  Section 2244 sets forth the applicable limitations periods:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

REPORT AND RECOMMENDATION - 6

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes, and the judgment becomes final either upon the expiration of the time allowed for filing a petition for writ of certiorari with the Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Generally, a conviction becomes "final" when the 90-day period for filing a petition for *certiorari* to the Supreme Court expires. *See United States v. Garcia*, 210 F.3d 1058, 1060 (9th Cir. 2000). When there is no direct review or the direct review process terminates prior to reaching the state's highest court, however, the judgment becomes final on an earlier date. *Gonzalez v. Thaler*, 565 U.S. 134, 147-154 (2012); *Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001). As the Supreme Court has explained:

> The text of § 2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the expiration of the time for seeking such review," consists of two prongs. Each prong—the "conclusion of direct review" and the "expiration of the time for seeking such review"—relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a

REPORT AND RECOMMENDATION - 7

conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, *or in state court*, expires.

*Gonzalez*, 565 U.S. at 150 (emphasis added).

As noted above, under 28 U.S.C. § 2244(d)(2), if during the limitations period a "properly filed application for state post-conviction or other collateral review . . . is pending," the one-year period is tolled. 28 U.S.C. § 2244(d)(2); *see Pace v. DiGulielmo*, 544 U.S. 408, 410 (2005). Petitioner "bears the burden of proving that the statute of limitations was tolled." *Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010).

In petitioner's case, the superior court entered the judgment and sentence on October 17, 2005. *Id.*, Ex. 1. Petitioner did not file a direct appeal and the time for filing a direct appeal expired thirty days after entry of the judgment and sentence, on November 16, 2005. *See* RAP 5.1 and RAP 5.2. Because petitioner did not file a direct appeal, the judgment and sentence became final on that date (when the time for seeking direct review in the state court expired), and the federal habeas statute of limitations began to run the following day, on November 17, 2005, and expired one year later on November 17, 2006. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002). Even if the Court included an additional 90 days for seeking certiorari in its calculation, the statute would have begun to run at the latest on February 14, 2006, and would have expired one year later on February 14, 2007.

Petitioner eventually filed a PRP in the state courts in March 2023, some 16 years after the expiration of the one-year period. Because the federal habeas statute of limitations had already elapsed when the 2023 PRP was filed, the PRP did not toll the statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was

REPORT AND RECOMMENDATION - 8

filed"); *Brown v. Curry*, 451 Fed. Appx. 693 (9th Cir. 2011) (finding the petitioner's state habeas petitions, which were filed after the expiration of the statute of limitations and denied as untimely, did not toll the statute).

The record thus establishes petitioner was sentenced in 2005 and the federal habeas statute of limitations started to run in November 2006, (or, even including an additional 90 days, at the latest in February 2007). Petitioner did not file a PRP or his federal habeas petition until 2023, long after the federal habeas statute of limitations expired. The federal habeas petition is accordingly time barred and should be dismissed.

Although petitioner first challenged his 2005 state conviction in 2023, he contends his federal habeas petition is timely and properly before the Court. In support, petitioner circles "28 U.S.C. 2244(d)(1)(c)" on the Court's standard federal habeas form that he submitted. Dkt. 5 at 14. This section allows a federal court to consider an otherwise untimely habeas petition where the United States Supreme Court recognizes a new constitutional right that is also made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). As discussed below, none of petitioner's claims meet the requirements of this section.

Petitioner also suggests his federal petition is timely because he raises claims based upon *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004). These cases were decided *before* petitioner pled guilty and before his state convictions became final. There is thus no basis to conclude the decisions are new law issued after petitioner's conviction and sentence and no basis to find that these decisions render his habeas petitions timely. *See Packer v. Salazar*, No. CIVS09-2026, 2010 WL 1611050, at *2 (E.D. Cal. Apr. 21, 2010) (*Apprendi* "was decided before petitioner's conviction became final. For that reason,

REPORT AND RECOMMENDATION - 9

1  petitioner cannot argue that the date *Apprendi* was decided is the trigger date for the statute of
2  limitations.").

3  Petitioner further suggests his federal habeas petition is timely because the state court
4  lacked jurisdiction to impose the challenged sentences in violation of *Apprendi and Blakely* and
5  that RCW 9A.44.020(1) is also unconstitutional. Petitioner provides nothing to support these
6  claims and the claims in any event, fail. First, as noted above, petitioner's challenges to the state
7  statutes defining the crime of conviction and whether a victim's allegations must be corroborated
8  are not cognizable grounds for relief.

9  Second, petitioner's claim that the sentence that was imposed violate *Apprendi* and
10 *Blakely* is meritless. Petitioner pled guilty to rape of a child in the first degree, a Class A felony.
11 *See* RCW 9A.44.073(2) ("Rape of a child in the first degree is a class A felony."). Under
12 Washington State law, the maximum sentence for crimes committed after July 1, 1984, for a
13 class A felony is "confinement in a state correctional institution for a term of life imprisonment,
14 or by a fine in the amount fixed by the court of fifty thousand dollars, or by both such
15 confinement and fine." RCW 9A.20.021. Under Washington law, the sentence the court must
16 impose for a conviction of child rape in the first degree is governed by RCW 9.94A.712. This
17 section applies to a nonpersistent offender who is sentenced for rape of a child in the first degree.
18 RCW 9.94A.712(3) requires the sentencing court to impose both a maximum term and a
19 minimum term when sentencing a nonpersistent offender according to its provisions. The
20 maximum term consists of "the statutory maximum sentence for the offense." RCW
21 9.94A.712(3). The minimum term shall be either "within the standard sentence range for the
22 offense, or outside the standard sentence range pursuant to RCW 9.94A.535, if the offender is
23 otherwise eligible for such a sentence." RCW 9.94A.712(3).

REPORT AND RECOMMENDATION - 10

Here, for each of petitioner's child rape in the first degree convictions, the state superior court found petitioner's standard sentencing range was between 120 and 160 months and the maximum term was life in prison. Dkt. 20, Ex. 1 at 4. The superior court sentenced petitioner to a minimum term of 140 months and a maximum term of life. *Id.* Ex. 1 at 6-7. The sentence the superior court imposed is the sentence mandated by state law, i.e., the sentence for child rape in the first degree shall be a maximum term of life and a minimum term within the standard range.

Petitioner was aware that this was the sentence he faced because his Statement of Defendant upon Plea of Guilty states:

> For sex offense committed on or after September 1, 2001: (i) Sentencing under RCW 9.94A.712: If this offense is for any of the offenses listed in subsections (aa) or (bb), below, the judge will impose a maximum term of confinement consisting of the statutory maximum sentence of the offense and a minimum term of confinement either within the standard range for the offense of outside the range.

Dkt. 20, Ex. 2 at 31. As the Washington Court of Appeals decision correctly found, the superior court did not exceed its jurisdiction in imposing sentence because at the time petitioner was sentenced RCW 9.94A.712(3) provided the Court shall impose a sentence to a maximum term consisting of the statutory maximum sentence for the offense and a minimum term either within the standard range or outside if the offender is eligible. *See* Dkt. 20, Ex. 5 at 83.

Accordingly, there is no basis to find the state sentencing court violated *Apprendi* or *Blakely* or that the sentence imposed exceeded the state court's jurisdiction. *Id.* The sentence that petitioner received (a maximum term of life and a minimum term of 140 months) is the term of imprisonment set by the Washington State legislature and did not rely upon facts that required a finding made by a jury under *Apprendi* or *Blakely*. Additionally, other courts have found federal habeas challenges to a state court judgment and sentence under *Apprendi* and *Blakely* are subject to the statute of limitations under 28 U.S.C. 2244(d). *See, e.g., Packer*, 2010 WL 1611050.

REPORT AND RECOMMENDATION - 11

Third, petitioner argues in his reply brief he is not barred by the statute of limitations under 28 U.S.C. § 2244(d)(1)(D) because he "just recently discovered through DUE DILIGENCE, the FACTS supporting this claim(s)." Dkt. 23. Petitioner then reasserts in his reply the grounds raised in his habeas petition arguing lack of jurisdiction of the superior court based on *Apprendi* and *Blakely* and that RCW 9A.44.020(1) is unconstitutional. *Id.* He also argues the constitutional violations resulted in a "'fundamental miscarriage of justice' such as 'defense' attorney claims, 'if you go to trial you will surely lose[.]'" *Id.* He also asserts "due process errors when the I.S.R.B. board appears to constantly abuse its own discretion and fails to be concerned to follow its own rules." *Id.* Petitioner asserts the ISRB "acts without competent jurisdiction" and the "extreme 'life' long persecution" was never disclosed to him.[4] *Id.*

Petitioner claims "unconstitutional sentencing and oppressive power to 'force' a plea then to find out it was 'bait-n-switch' at its finest." *Id.* Petitioner also points the Court to an attached article from the Puget Sound Law Review apparently from 1984 entitled "Confronting Child Victims of Sex Abuse: The Unconstitutionality of the Sexual Abuse Hearsay Exception." *Id.*

Petitioner also asserts he was denied counsel "forcing extreme delays in research and writ writing skills." *Id.* He argues Washington D.O.C. policy is sub-standard indicating it provides that "contract attorneys" are no assistance in federal claims or PRPs or "legal service contractors will not assist." *Id.* Petitioner asserts he did not understand the "life" term application and it was never adequately explained. *Id.* He appears to argue his habeas petition should be considered timely because as a "layman" he did not understand the full implications of his sentence. *Id.*

---

[4] The Court notes that petitioner's arguments regarding the I.S.R.B. are not raised as separate claims in his federal habeas petition and are further too vague and conclusory for the Court to properly assess as separate claims or as a basis to toll the statute of limitations.

REPORT AND RECOMMENDATION - 12

Petitioner's assertions fail. As discussed above, petitioner's claims regarding pre-plea issues such as the statutory framework of the charges he faced, the "hearsay exceptions" and advice about the chances of winning at trial are not cognizable federal habeas claims. Moreover, they do not support petitioner's claim that he is relieved of the statute of limitations because they are recently discovered facts.

None of petitioner's assertions establish that despite due diligence he could not have known the basis of the claims raised in his federal habeas petition. To the contrary, petitioner's claims are based upon facts or allegations that were clearly before him. He obviously knew he pled guilty; he knew his lawyer advised that if he went to trial he would surely lose; he knew the maximum sentence was life in prison for the crimes he pled guilty to and the sentencing judge was required to impose the maximum term of life as well as a minimum term under the standard range; petitioner knew he would be subject to ISRB review rather than a set term of community custody or supervision; he knew the nature and quality of his legal representation; he knew or should have known what RCW 9A.44.020(1) states; petitioner knew or should have known about the *Apprendi* and *Blakely* decisions because they were decided before he was sentenced; he knew or should have known that the terms of the statutes he now claims are unconstitutional because they were in place before and when he pled guilty and was sentenced; and he knew or should have known about the law review article he now references because it was published in 1984.

To the extent petitioner suggests his attorney was ineffective in failing to adequately explain the terms of the plea deal because petitioner was unaware he could be given a life sentence, he was aware of these facts, or should have been aware of these facts, when his

REPORT AND RECOMMENDATION - 13

1  sentence was entered in 2005.[5] *See Davis v. Franco*, No. CV12-2853, 2013 WL 812715, *4

2  (C.D. Cal. Feb. 1, 2013) (finding a delayed accrual date under §2244(d)(1)(D) did not apply

3  where the petitioner's claims were predicated on events that occurred in open court during trial

4  and sentencing, at which he was present). And to the extent petitioner contends he was a

5  "laymen", did not fully understand the implications of his sentence, and was unable to obtain

6  assistance of counsel to pursue post-conviction remedies[6], the Court notes a prisoner does not

7  "need[ ] to understand the legal significance of th[e] facts–rather than simply the facts

8  themselves–before the due diligence (and hence the limitations) clock start[s] ticking.... Time

9  begins when the prisoner knows (or through diligence could discover) the important facts, not

10  when the prisoner recognizes their legal significance." *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3

11  (9th Cir. 2000) (citation and internal quotation marks omitted).

12  With respect to petitioner's contention he was not advised of his right to appeal, even

13  assuming petitioner had a right to appeal and was not specifically advised of that right and even

14  assuming the failure to advise of a right to appeal can constitute a factual predicate, petitioner

15  does not identify any specific efforts he made to determine whether he had a basis to challenge

16  or appeal the sentence imposed after he pled guilty. Petitioner's inaction for sixteen years fails to

17  demonstrate due diligence. *See Walker v. Yates*, No. CV 09-2179, 2010 WL 358841, at *3 (C.D.

18  Cal. Jan. 28, 2010) ("Petitioner's inaction for approximately a year and a half after his conviction

19  was final, until the time he assertedly learned from another inmate that he could appeal the

20  sentence, falls well short of the exercise of due diligence. Rather, this court concludes that, to the

---

[5] The Court notes that the Judgment and Sentence is signed by defendant and reflects that it was "DONE in Open Court and in the presence of the defendant[.]" Dkt. 20, Ex. 1 at 12.

[6] The Court also notes that generally "a prisoner does not have a constitutional right to counsel in state postconviction proceedings[.]" *Davila v. Davis*, 582 U.S. 521, 524 (2017).

REPORT AND RECOMMENDATION - 14

extent they were not already known to him, petitioner knew about or at a minimum should have discovered the factual predicates of his claims through the exercise of due diligence at the time of sentencing-when he was afforded ample opportunity to make inquiries regarding the matters in issue.").[7] [8]

A.   **Equitable Tolling**

Because petitioner's federal habeas petition is untimely, the Court considers whether there are equitable grounds to toll the statute of limitations. The federal habeas statute of limitations is subject to equitable tolling where the petitioner pursued his rights diligently and "some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). To receive equitable tolling, a petitioner at the very least must show the extraordinary circumstances "were the but-for and proximate cause of his untimeliness." *Ansaldo v. Knowles*, 143 Fed. App'x. 839, 840 (9th Cir. 2005).

Petitioner fails to allege any facts that establish he pursued his rights diligently and some extraordinary circumstance stood in his way and prevented him from raising his habeas claims within the statute of limitations. Petitioner suggests he is a "non-lawyer laymen struggling

---

[7] To the extent petitioner asserted generally in a portion of his PRP included as an attachment to his federal habeas petition that he did not know how to address his claims and was "misinformed" by "attorneys" that he "had no rights due to 'plea of guilty'" he fails to specify when he was allegedly told this or by whom. Dkt. 5 at 47. These vague, conclusory allegations are insufficient to establish a basis for tolling the statute of limitations either under 28 U.S.C. § 2244(d)(1) or for equitable tolling purposes. Petitioner fails to adequately explain why he waited over 16 years to file his PRP or federal habeas petition.

[8] The Court also notes that the Judgment and Sentence in this case contains a specific notice that:
>  Any petition or motion for collateral attack on this judgment and sentence, including but not limited to any personal restraint petition, state habeas corpus petition, motion to vacate judgment, motion to withdraw guilty plea, motion for new trial or motion to arrest judgment, must be filed within one year of the final judgment in this matter, except as provided for in RCW 10.73.100. RCW 10.73.090.

Dkt. 20, Ex. 1 at 10.

REPORT AND RECOMMENDATION - 15

against the forms of oppressive government that stems from 'unconstitutional' statute(s)." Dkt. 21 at 2. But the mere fact petitioner is not a lawyer or lacks legal sophistication does not establish extraordinary circumstances required for equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance"). Nor do any of petitioner's other arguments raised in his petition or reply, to the extent he intends to invoke them as a basis for equitable tolling, establish a basis for such tolling. *See, e.g., Steiner v. McGrath*, 2007 WL 1241957 at *4 (N.D. Cal. 2007) (rejecting habeas petitioner's contention that he was entitled to equitable tolling based upon his trial attorney's failure to advise him of his right to appeal after such petitioner entered into a plea agreement); *Perez v. Hedgpeth*, 2009 WL 174145 at (E.D. Cal. 2009) (trial counsel's failure to advise habeas petitioner, who pleaded guilty, of right to appeal and/or ability to seek collateral review does not present extraordinary circumstance justifying equitable tolling).

Th Court accordingly concludes petitioner has failed to show there are equitable grounds to toll the statute of limitations and his federal habeas petition is barred by the § 2244 limitations period. Further as discussed above, the grounds for relief raised are either not cognizable or lack merit.

**B.      Evidentiary Hearing**

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011). A hearing is not required if the

REPORT AND RECOMMENDATION - 16

allegations would not entitle petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*

The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this Report and Recommendation, the petition may be resolved on the existing state court record, and the claims raised in the petition are time barred.

**C.     Motion to Appoint Counsel**

Petitioner has also filed a second motion for appointment of counsel. Dkt. 21. There is no right to appointed counsel in cases brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required, or such appointment is necessary for the effective utilization of discovery procedures. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). The Court may appoint counsel "at any stage of the case if the interest of justice so require." *Weygandt*, 718 F.2d at 954. In deciding whether to appoint counsel, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.*

As discussed above, the Court has recommended dismissal of the petition as barred by the statute of limitations and because the grounds for relief lack merit. The Court does not find good cause for granting leave to conduct discovery and has concluded that no evidentiary hearing will be required. *See* Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). Furthermore, petitioner adequately articulated his grounds for relief raised

REPORT AND RECOMMENDATION - 17

in his petition and petitioner has not demonstrated a likelihood of success on the merits as the Court has recommended dismissal of the petition as barred by the statute of limitations and because the grounds for relief lack merit. Thus, petitioner has not shown the interests of justice require the Court to appoint counsel.

As petitioner has not shown appointment of counsel is appropriate, the motion to appoint counsel, Dkt. 21, should be denied.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). No jurist of reason could disagree with this Court's evaluation of petitioner's claims or would conclude the issues presented in the petition should proceed further. Therefore, the Court concludes petitioner is not entitled to a certificate of appealability with respect to this petition. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## CONCLUSION

Petitioner's petition is untimely as it was filed more than one year after the state court judgment became final. There are no extraordinary circumstances in this case requiring the

REPORT AND RECOMMENDATION - 18

application of equitable tolling principles. Therefore, the petition, Dkt. 5, is barred by the one-year limitations period imposed under 28 U.S.C. § 2244(d) and should be DISMISSED with prejudice. Further as discussed above, the grounds for relief raised are either not cognizable or lack merit. No evidentiary hearing is required and a certificate of appealability should be DENIED. Petitioner's motion to appoint counsel, Dkt. 21, should be DENIED.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, petitioner should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **November 1, 2023.** The Clerk should note the matter for **November 3, 2023**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. The failure to timely object may affect the right to appeal.

DATED this 11th day of October, 2023.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 19